IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DUANE W. JAMES,

      Petitioner,               No. CIV S-10-3425 EFB P

      vs.

STATE OF CALIFORNIA PAROLE BOARD,

      Respondent.             ORDER

      /

      Petitioner, a state prisoner proceeding without counsel, seeks a writ of habeas corpus. *See* 28 U.S.C. § 2254.

      Petitioner seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). Examination of the *in forma pauperis* affidavit reveals that petitioner is unable to afford the costs of suit. Therefore, the request is granted. *See* 28 U.S.C. § 1915(a).

      A judge "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. It appears on the face of the petition that petitioner has failed to exhaust state court remedies as to his challenge to the sentence imposed upon him in January of 2010 by the Sacramento County Superior Court, for possession of cocaine.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. Exhaustion of state remedies requires that petitioners fairly present federal claims to the highest state court, either on direct appeal or through state collateral proceedings, in order to give the highest state court "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations omitted).

After reviewing the petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies. Petitioner concedes that he has not sought review of his conviction by any other court. Pet. at 3-4. Petitioner states that he did not seek review by any other court because his lawyer "did not respond to appeal requests," and petitioner "did not know how to appeal [his] sentence." *Id.* at 7. Petitioner claims further that he was "not aware that [he] was allowed to exhaust state remedies, [and] did not understand this process." *Id.* at 8. Thus, it appears that petitioner's claims have not been presented to the California Supreme Court. Further, there is no allegation that state court remedies are no longer available to petitioner.

Accordingly, it is ORDERED that:

1. Petitioner's request for leave to proceed *in forma pauperis* is granted; and

////
////
////
////
////
////

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

2

2. Petitioner shall, within 30 days of the date this order is served, demonstrate that he has presented his claims to the California Supreme Court or that state remedies are no longer available. Petitioner's failure to comply with this order will result in a dismissal upon the ground that petitioner has failed to exhaust state remedies.

Dated: January 5, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE