IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DUANE W. JAMES,

        Petitioner,                 No. CIV S-10-3425 EFB P

    vs.

STATE OF CALIFORNIA PAROLE BOARD,

        Respondent.              ORDER

                                   /

        Petitioner, a state prisoner proceeding without counsel and *in forma pauperis*, seeks a writ of habeas corpus. *See* 28 U.S.C. § 2254. This case is before the undersigned pursuant to petitioner's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

        Before the court are petitioner's responses to the court's January 5, 2011, order directing petitioner to demonstrate that he has presented his claims to the California Supreme Court or that state remedies are no longer available. In that order, the court noted that it appeared from the petition for writ of habeas corpus that petitioner's claims had not been presented to the California Supreme Court. Dckt. No. 5. The court also warned petitioner that his failure to comply with the order would result in dismissal upon the ground that petitioner has failed to exhaust state remedies. *Id.*

////

For the reasons explained below and in the January 5, 2011 order, this action must be dismissed without prejudice. In the January 5, 2011, order, the court explained the exhaustion requirement. In particular, the court explained that a federal habeas petitioner must have presented to the state's highest court the same claims he asserts as grounds for federal habeas relief and that if exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). In his responses, petitioner states that he has filed a petition for writ of habeas corpus in the Sacramento County Superior Court, and he requests an extension of time so that he can receive a response from the state court. *See* Dckt. Nos. 11, 12. Petitioner fails to show, as directed by the court, that he has exhausted his state remedies or that they are no longer available. Additionally, a search of the California Supreme Court's website reveals that petitioner has not filed any actions in that court.[1] Petitioner has therefore failed to exhaust state court remedies, as the California Supreme Court has not yet had the opportunity to resolve petitioner's constitutional claims on their merits. *See Greene v. Lambert*, 288 F.3d 1081, 1086 (9th Cir. 2002).

To the extent petitioner seeks a stay of this action through his request for an extension of time, such request is denied. While the court may stay a mixed petition, i.e., one containing exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state court, *Rhines v. Weber*, 544 U.S. 269, 277 (2005), the court may not stay a completely unexhausted petition. *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (court must dismiss petition containing no exhausted claims). This action must therefore be dismissed.

Accordingly, it is hereby ORDERED that:

1. Petitioner's application for a writ of habeas corpus is dismissed without prejudice for failure to exhaust state remedies.

////

---

[1] A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

2. The Clerk is directed to close the case.

3. The court declines to issue a certificate of appealability.

4. The Clerk of the Court shall serve a copy of this order together with a copy of the petition filed on December 22, 2010, on Michael Patrick Farrell, Senior Assistant Attorney General for the State of California.

DATED:  March 8, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE